Case 4:25-cv-00815   Document 14   Filed on 10/28/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
October 28, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALL ABOUT PROPERTY, LLC, | § § § | |
| *Plaintiff*, | § | |
| VS. | § § | CIVIL ACTION NO. 4:25-CV-815 |
| NEWREZ LLC DBA SHELLPOINT MORTGAGE SERVICING, | § § § § | |
| *Defendant*. | § § | |

## ORDER

Pending before this Court is Defendant's Motion to Dismiss (Doc. No. 7). Defendant Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Defendant" or "Shellpoint") asserts that Plaintiff All About Property, LLC has failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). After reviewing the Original Petition, briefing, and relevant legal standards, the Court finds grants the Motion and conditionally dismisses Plaintiff's Original Petition (Doc. No. 1-1) without prejudice.

### I.    FACTUAL BACKGROUND

This case arises from a series of foreclosure proceedings on a residential property in Baytown, Texas. (Doc. No. 1-1 at ¶ 4). In 2018, Jenifer Betancourt obtained a mortgage in the amount of $71,250 from Wells Fargo Bank, N.A. (that was later assigned to Shellpoint) and closed on the property. (*Id.* at ¶¶ 4, 19). In 2023, the Homeowners Association ("HOA") covering the property sued Betancourt for past due payments. (*Id.* at ¶ 11). The state court entered a default judgment against Betancourt, and the HOA foreclosed on the property. (*Id.*). In April 2024, the HOA sold the property to Abdul Khan—the nominee for All About Property, the Plaintiff in this case—for $15,000.00. (*Id.* at ¶ 12). Soon after, Khan deeded the property to All About Property.

(*Id.* at ¶ 13). Betancourt did not exercise her right of redemption under Texas Property Code § 209.011. (*Id.* at ¶¶ 14–15). In November 2024, Shellpoint began foreclosure proceedings on the property for failure to make payments on Betancourt's original mortgage. (*Id.* at ¶ 16). Shellpoint issued a Notice of Sale on November 11, 2024, and the foreclosure sale was scheduled for January 7, 2025. (*Id.*). In the Notice of Sale, Shellpoint appointed thirty-eight substitute trustees to administer the mortgage sale, including thirty-six individuals, a law firm, and an auction servicer. (*Id.* at ¶ 17).

All About Property filed this lawsuit against Shellpoint in Texas state court, and the lawsuit was properly removed to this Court. (Doc. No. 1). All About Property seeks a declaratory judgment that the Notice of Sale violated Chapter 51 of the Texas Property Code, a declaratory judgment that Shellpoint committed unfair business practices by appointing thirty-eight substitute trustees, to assert the equitable right of redemption, and injunctive relief. (Doc. No. 1-1).

## II.  LEGAL STANDARD

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "Factual allegations must be enough to raise a right to relief about the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where

a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### III.   ANALYSIS

All About Property seeks a declaratory judgment that the Notice of Sale violated Chapter 51 of the Texas Property Code, a declaratory judgment that Shellpoint committed unfair business practices by appointing thirty-eight substitute trustees, to assert the equitable right of redemption, and injunctive relief. (Doc. No. 1-1). In their Motion, Shellpoint argues that none of these causes of action state a claim upon which relief may be granted. The Court separately discusses each cause of action, the relevant legal standards, and the facts set out in the Original Petition, and the Court dismisses the Original Petition without prejudice under Federal Rule of Civil Procedure 12(b)(6).

#### A. Violation of the Texas Property Code

All About Property seeks a declaratory judgment that Shellpoint's Notice of Sale violates Section 51.0025 of the Texas Property Code because Shellpoint is listed as both the mortgagee and the mortgagor. The Declaratory Judgment Act provides that, "[i]n a case of actual controversy

3

within its jurisdiction . . . any court of the United States . . . may declare the right and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (quoting 28 U.S.C. § 2201(a)). Section 51.0025 of the Texas Property Code permits a mortgage servicer to "administer the foreclosure of property under Section 51.002 on behalf of a mortgagee" if certain requirements are met. TEX. PROP. CODE § 51.0025. However, the Texas Property Code clarifies that "[a] mortgagee may be the mortgagor." *Id.* at § 51.0001; *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013).

All About Property alleges that Shellpoint violated the Texas Property Code by acting as "the current mortgagee and beneficiary of the Loan and . . . as mortgage servicer of the Loan based [on] an agreement it has with itself." (Doc. No. 1-1 at ¶ 27). According to the Original Petition, this overlap violates Texas law because Shellpoint "cannot as a matter of law enter into an agreement with itself granting itself authority to service the mortgage." (*Id.* at ¶ 28). Based on these facts, All About Property requests this Court to declare that "a foreclosure sale of the Property . . . would be void for failure to comply with Texas law." (*Id.* at ¶ 29). Nevertheless, the Texas Property Code explicitly permits this type of overlap between the mortgagee and the mortgagor. TEX. PROP. CODE § 51.0001 ("[a] mortgagee may be the mortgagor."). Therefore, under Texas Law, Shellpoint—as the mortgagee—can enter into an agreement with itself to service the mortgage. *Id.* All About Property did not allege that Shellpoint violated any other provision of § 51.0025. Considering the facts as true and in the light most favorable to the All About Property, the Court holds that the first cause of action failed to properly state a claim.

## B. Unfair Business Practices

In their second cause of action, All About Property seeks a declaratory judgment that Shellpoint committed unfair business practices when it appointed thirty-eight substitute trustees in the Notice of Sale. All About Property does not plead any authority for this putative cause of action, yet requests "a declaration that [Shellpoint is] in violation of their duties under Texas law resulting from the appointment of substitute trustees." (Doc. No. 1-1 at ¶ 36). Without guidance as to which Texas law that All About Property alleges that Shellpoint violated or which Texas law or case creates such a cause of action, the Court will address the relevant Texas laws related to the appointment of substitute trustees.

The Texas Property Code governs the appointment of substitute trustees. TEX. PROP. CODE § 51.0075. Under the Code, "a mortgagee may appoint or may authorize a mortgage servicer to appoint a substitute trustee or substitute trustees to succeed to all title, powers, and duties of the original trustee." *Id.* at § 51.0075(c). Additionally, "the name and a street address for a trustee or substitute trustees shall be disclosed on the notice." *Id.* at § 51.0075(e). Nevertheless, "there is no private right of action for violations of this statute" and "any such claim would, more accurately, be considered a claim for wrongful foreclosure." *Hernandez v. Shellpoint Mortgage Servicing*, 2021 WL 2384793 at *5 (S.D. Tex. May 14, 2021). Claims for the improper appointment of a substitute trustee should be "considered as a part of a wrongful foreclosure claim." *Id.*

Even if All About Property adequately pleaded a claim for wrongful foreclosure, the Original Petition does not contain adequate facts which, if true, would demonstrate that the appointment of multiple substitute trustees was improper. The Texas Property Code does not limit the allowable number of substitute trustees. *Id.* at § 51.0075(c). In fact, the Texas Legislature indicated that a mortgage servicer could appoint "a substitute trustee" or multiple "substitute

5

*trustees.*" *Id.* (emphasis added). While All About Property alleges that "[t]he appointment of such a large number of substitute trustees is unreasonable and creates confusion and uncertainty regarding who will actually carry out the sale," neither the Original Petition nor the opposition briefing provided any adequate facts to support the theory or any law under which a declaration judgment could be issued. (Doc. No. 1-1 at ¶ 33). Considering the facts as true and in the light most favorable to the All About Property, the Court holds that the second cause of action failed to properly state a claim.

### C. Equitable Right of Redemption

In its third cause of action, All About Property asserts the equitable right of redemption. This doctrine "afford[s] a mortgagor a reasonable time to cure a default and require reconveyance of the mortgaged property." *Kafi, Inc. v. Wells Fargo Bank, N.A.*, 131 F.4th 271, 279 (5th Cir. 2025) (quoting *Scott v. Dorothy B. Schneider Tr.*, 783 S.W.2d 26, 28 (Tex. App.—Austin 1990, no writ). To enforce an equitable right of redemption with respect to a property that is subject to a mortgage, a plaintiff must: "(1) prove that the plaintiff has an equitable or legal interest in the property; (2) prove that the plaintiff is ready, willing and able to redeem the property by paying off the amount of valid and subsisting liens to which the property is subject; and (3) assert the claim 'before a foreclosure sale occurs because the equity of redemption terminates once a foreclosure sale occurs.'" *Id.* (quoting *Scott*, 783 S.W.2d at 28).

In its Original Petition, All About Property states that that "Plaintiff is ready, able or willing to redeem the Property." (Doc. No. 1-1 at ¶ 41). Nevertheless, being willing to satisfy the lien is insufficient to state a claim for equitable redemption. *DBDFW 3 LLC v. JPMorgan Chase Bank, N.A.*, 2019 WL 823810 at *8 (N.D. Tex. Feb. 6, 2019). "The plaintiff must provide additional details such as the value of the lien, how it would pay, its own net worth or assets, or any other

information from which the court could infer that plaintiff's right to relief is plausible." *Id.* (citing *330 Cedron Tr. v. Citimortgage*, 2015 WL 1566058 at *3 (W.D. Tex. Apr. 8, 2015)). Such iteration that a plaintiff is ready, willing, and able to pay "merely recites an element of the cause of action" and "is not enough to raise the right to relief above a purely speculative level." *330 Cedron*, 2015 WL 1566058 at *3.

All About Property referenced and attached to its Original Petition the Declaration of Ramesh Arumugam, the Managing Member of All About Property. (Doc. No. 1-1 at 58). Arumugam provided a sworn statement that "Plaintiff stands ready, able, and willing to redeem the Property by paying off the amount of any valid and subsisting lien." (*Id.*). The Original Petition states that "Plaintiff is ready, able or willing to redeem the Property in controversy by paying off the amount of any *valid and subsisting* liens to which the Property is subject." (*Id.* at ¶ 41). The Original Petition does not provide any additional facts to support the recitation of the element of the claim. Facts such as the net worth or valuable assets of the company, as well as the amount due on the loan to exercise the right of redemption, are required to meet the pleading standards under Federal Rule of Evidence 12(b)(6). *Cf. Kafi, Inc. v. Sand Canyon Corp.*, 2022 WL 3084480 at *13–14 (S.D. Tex. Aug. 3, 2022) (considering evidence of the company's net worth in comparison to the loan principal and holding that "these extra allegations nudge [the] equitable redemption claim above a purely speculative level"). Considering the facts as true and in the light most favorable to the All About Property, the Court holds that the Original Petition failed to state a claim.

### D. Injunctive Relief

In addition to the individual causes of action, Plaintiff submitted an application for a temporary restraining order and a temporary injunction along with its Original Petition. (Doc. No. 1-1 at 11). A court may grant a temporary restraining order or preliminary injunction only if the

movant shows: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issues, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest. *Jones v. Tex. Dep't of Crim. Just.*, 880 F.3d 756, 759 (5th Cir. 2018). Nevertheless, under Texas law, "a request for injunctive relief is not itself a cause of action but depending on an underlying cause of action." *McKinney v. Wells Fargo Bank, N.A.*, 2019 WL 3305607 at *2 (W.D. Tex. July 23, 2019). Without properly stating a claim under Federal Rule of Civil Procedure 12(b)(6), the application for a temporary restraining order or temporary injunction must be denied as there does not appear to be a likelihood of success on the merits of any claim.

## IV. CONCLUSION

For the foregoing reasons, Shellpoint's Motion to Dismiss (Doc. No. 7) is conditionally **GRANTED**. The Plaintiff is given thirty days to file a First Amended Complaint. If no amended complaint is filed, the Court will dismiss this case. If one is timely filed, Defendant will have twenty-one days to respond to that amended complaint.

It is so ordered.

Signed on this the 27th day of October 2025.

Andrew S. Hanen
United States District Judge